IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH A. CARTAGENA AND SNEAKER ADDICT TOURING, LLC<br><br>Plaintiffs,<br><br>v.<br><br>HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>Defendant. | Case No. 1:19cv6287 |

## COMPLAINT

Plaintiffs Joseph A. Cartagena ("Cartagena") and Sneaker Addict Touring, LLC (collectively "Plaintiffs") by their undersigned attorneys, as and for their complaint against Defendant Homeland Insurance Company of New York ("Homeland"), respectfully allege as follows:

### NATURE OF THIS ACTION

1. Plaintiffs bring this breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief lawsuit against Homeland because, among other things:

   a. Homeland misrepresented to Plaintiffs, during the procurement process of the Subject Policy (defined below), that Plaintiffs were applying for and purchasing from Homeland a standard Professional Liability Policy for an entertainer including coverage for

claims relating to his works. Homeland has wrongfully denied insurance coverage of Plaintiffs' claim arising from the lawsuit against, inter alia, Plaintiffs captioned <u>Eric A. Elliott (p/k/a Fly Havana v. Joseph Anthony Cartagena (p/k/a Fat Joe), et al.</u>, Case No. 1:19-cv-01998-NRB, in the United States District Court for the Southern District of New York (the "Lawsuit").

      b.    Homeland has wrongfully denied coverage for this clearly-covered claim under the Subject Policy by falsely claiming that (i) the claim is subject to an "independent contractor exclusion"; (ii) none of the claims set forth in the Lawsuit are perils covered by the Subject Policy; and (iii) Plaintiffs falsely claimed that they were unaware of any situation that could likely give rise to a claim under the Subject Policy.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(2) because this is a dispute between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Cartagena is a citizen, resident and domiciliary of the state of Florida.

4. Sneaker Addict Touring LLC is a citizen, resident and domiciliary of the State of Florida.

5. Homeland is a citizen, resident and domiciliary of the state of New York.

6. Plaintiffs also bring this action pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure seeking a declaratory judgment to determine an actual case or controversy concerning a claim for coverage seeking a determination of the rights and obligations pertaining to the Subject Policy.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this district.

## THE PARTIES

8. Cartagena is, and at all relevant times was, a renowned hip-hop artist who resides in Miami, Florida.

9. Sneaker Addict Touring, LLC is a Named Insured under the Subject Policy pursuant to an Insured Amendatory Coverage Endorsement.

10. Based upon information and belief, Homeland is a corporation organized under the laws of the State of New York, with its principal place of business in the State of New York.

11. Based upon information and belief, Homeland was and is engaged in the business of, inter alia, issuing liability insurance policies to residents of the state of New York; Homeland does business in the state of New York as a surplus line insurer; Homeland underwrites insurance policies for risks and individuals located in the state of New York; and the Subject Policy was registered and delivered as a surplus line coverage under the Florida Surplus Lines Insurance Law.

## FACTUAL BACKGROUND

12. As noted above, Cartagena is a noted hip-hop artist professionally known as Fat Joe.

13. Among Cartagena's hit recordings is "All the Way Up", a double platinum recording released in 2016.

14. In order to protect himself from unfounded allegations concerning, <u>inter alia</u>, "infringement of copyright, plagiarism, Piracy and misappropriation of ideas under implied contract or other misappropriation of ideas or information", Cartagena purchased a Music Professional Liability Policy, policy number MEP2092719, from Homeland (the "Subject Policy"). The Subject Policy's effective dates are January 18, 2019 to January 18, 2020. The Subject Policy covers Cartagena and all affiliates of Cartagena, including but not limited to Sneaker Addict Touring LLC.

15. On March 6, 2019, Eric A. Elliott ("Elliott") filed the Lawsuit, alleging that Plaintiffs and others "used and took credit for Plaintiff['s]…contributions to the 2016 double platinum single 'All the Way Up' without providing [Plaintiff] his required, credit, compensation and ownership."

16. The claims asserted in the Lawsuit fall squarely within the coverage provided under the Subject Policy.

17. On or about March 5, 2019, Cartagena submitted a claim (number OAB251154) to Homeland under the Subject Policy.

18. By letter dated April 3, 2019, Homeland denied coverage for Cartagena's claim under the Subject Policy.

19. Homeland stated the following grounds for its denial of Cartagena's claim:

    i. The Subject Policy "expressly excludes coverage for claims brought by an Independent Contractor claiming an ownership interest in the Insured's Work.";

    ii. The Lawsuit "alleges several causes of action, none of which are the perils covered by [the Subject Policy]"; and

        iii.    Cartagena's application for the Subject Policy included a false representation that Cartagena was unaware of any situation that could likely give rise to a claim.

20.    These alleged reasons for the denial of Cartagena's claim are all patently false.

        i.    As to the Independent Contractor Exclusion, Elliott does not allege that he falls within the Subject Policy's definition of an Independent Contractor ("an individual or business entity providing goods or services to the Insured pursuant to an express or implied contract or agreement and relating to the Insured's Work") nor could he. The Lawsuit clearly states that the alleged work for which Elliott claims he should be compensated took place <u>before</u> he ever met Cartagena.

        ii.    While the Lawsuit is inartfully drafted, the gravamen is that Elliott created some portion of "All the Way Up" and Cartagena, et al., wrongfully took it and refused to pay Elliott for it. The language of the Policy specifically covers "infringement of copyright, plagiarism, Piracy and misappropriation of ideas under implied contract or other misappropriation of ideas or information." Piracy is further defined as " the wrongful use, reprinting or reproduction of copyrighted intellectual property." It is clear that Eliot's claims fall both within the technical language of the Policy and any reasonable policyholder's expectations of the insurance sold to them.

        iii.    At the time Cartagena applied for the subject policy, he had previously become aware of Elliott's claim, but had met with Elliott and obtained a release of all claims in return for payment of five thousand dollars ($5,000) prior to applying for the Subject Policy. Accordingly, Cartagena had no reason to believe any claim by Elliott was "likely."

21. Under established law, the Subject Policy must be read in light of the reasonable expectations of the average policyholder in order to determine whether its provisions, as written, are sufficiently clear and precise such that there is no room for reasonable disagreement about the scope of coverage.

22. Cartagena will been required to engage counsel to defend the Lawsuit. The Subject Policy specifically provides for coverage of "Defense Costs…as a result of a Claim covered by this policy." "Defense Costs" are defined as, inter alia, "reasonable fees, costs and expenses incurred by outside counsel arising from the investigation, defense, settlement or appeal of a Claim." Homeland's refusal to honor Cartagena's claim has caused and will continue to cause Plaintiffs to suffer significant damages.

## CLAIMS FOR RELIEF

### FIRST COUNT (BREACH OF INSURANCE CONTRACT)

23. The allegations contained in paragraphs 1-22 are hereby incorporated by reference as if more fully stated herein.

24. Cartagena has fully complied with and has performed all of the conditions and covenants on his part to be performed under the Subject Policy.

25. Homeland has breached the Subject Policy by failing and refusing to acknowledge coverage of Cartagena's claim to the full policy limits of the Subject Policy.

26. Plaintiffs have been damaged, in an amount to be established at trial, as a direct and proximate result of Homeland's breach of the contract.

27. As a direct and proximate result of Homeland's breach of its obligations, Plaintiffs have suffered, and continue to suffer, substantial direct money damages in an amount

6

to be established at trial, including consequential damages, pre-judgment and post-judgment interest, and costs incurred by Plaintiffs in bringing this action against Homeland.

28. These damages are foreseeable damages incurred by Plaintiffs as a direct result of Homeland's wrongful conduct, which were contemplated by the parties when they negotiated and executed the Subject Policy and should be awarded so Plaintiffs are adequately compensated for Homeland's wrongful conduct.

## SECOND COUNT (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

29. The allegations contained in paragraphs 1-28 are hereby incorporated by reference as if more fully stated herein.

30. Implied in the Subject Policy is a covenant that Homeland would act in good faith and deal fairly with Plaintiffs. That obligation includes, among other things, an obligation that Homeland would not do anything to interfere with Plaintiffs' rights under the Subject Policy and that Homeland would give as much, if not more, consideration to Plaintiffs' interests as Homeland gave to its own interests in responding to this claim.

31. Instead of complying with these duties and obligations, Homeland has acted in bad faith by, among other things, unreasonably, without good cause and in bad faith:

    a. Wrongfully insisting that Elliott is an "Independent Contractor," thereby triggering the Independent Contractor Exclusion in the Subject Policy.

    b. Wrongfully insisting that Plaintiffs' claim does not fall within the perils covered by the Subject Policy; and

    c. Wrongfully insisting Plaintiffs had knowledge of a "likely" claim by Elliott when Plaintiffs applied for the Subject Policy.

7

        d.       Otherwise acting contrary to the obligations imposed by the implied covenant of good faith and fair dealing in the Subject Policy.

32.     In breach of the implied covenant of good faith and fair dealing, Homeland did the things and committed the acts alleged above for the purpose of consciously withholding from Plaintiffs the rights and benefits to which Plaintiffs are entitled under the Subject Policy.

33.     The acts described above by Homeland are (a) inconsistent with Plaintiffs' reasonable expectations; (b) contrary to established claims practices and legal requirements; (c) contrary to insurance industry custom and practice; and (d) contrary to the express terms of the Subject Policy. They constitute bad faith.

34.     As a direct and proximate result of the unreasonable and bad faith conduct of Homeland, Plaintiffs have suffered, and will continue to suffer, damages under the Subject Policy, plus interest, and other economic and consequential damages, in a total amount to be shown at the time of trial.

35.     As a direct and proximate result of Homeland's breaches of its obligations, Plaintiffs have suffered, and continue to suffer, substantial direct monetary damages in an amount to be established at trial, including consequential damages, pre-judgment and post-judgment interest, and costs incurred by Plaintiffs in bringing this action against Homeland.

36.     These damages are foreseeable damages incurred by Plaintiffs as a direct result of Homeland's wrongful conduct, which were contemplated by the parties when they negotiated and executed the Homeland policies and should be awarded so that Plaintiffs are adequately compensated for Homeland's wrongful conduct.

37. The conduct by Homeland is despicable and outrageous, and was done with a conscious disregard of the rights and reasonable expectations of Plaintiffs and the public at large, constituting oppression, fraud, and/or malice. Homeland engaged in the acts cited herein for the sole purpose of improperly denying benefits due under the Subject Policy.

38. Specifically, by acting as alleged above, in light of the information, facts, and relevant law to the contrary, Homeland consciously disregarded the rights of Plaintiffs.

39. By doing these things, Homeland wrongfully deprived Plaintiffs the benefit of the policy and inflicted substantial damage on Plaintiffs. Homeland ignored the interests and concerns of Plaintiffs, with the requisite intent to injure. Therefore, Plaintiffs are entitled to recover punitive damages from Homeland in an amount that is sufficient to punish and make an example of Homeland in order to deter similar conduct by Homeland in the future.

40. Additionally, Plaintiffs are entitled to recover all of the costs, expenses, and attorney' fees reasonable incurred by Plaintiffs to obtain the benefits of insurance that have been, and continue to be, wrongfully and in bad faith withheld by Homeland. When the precise amounts of these costs, expenses and fees are known, Plaintiffs will seek leave of Court to amend this complaint.

41. Homeland should be held liable for punitive damages, because it engaged in egregious tortious conduct, as described more fully herein and as will be established at the time of trial. Punitive damages are warranted to deter others from engaging in similar misconduct.

THIRD COUNT (DECLARATORY RELIEF)

42. The averments of paragraphs 1-41 are repeated and incorporated by reference as though more fully stated herein.

9

43. An actual controversy has arisen, and now exists between Plaintiffs on the one hand and Homeland on the other, with respect to whether Plaintiffs' claim is covered within policy limits of the Subject Policy.

44. As to this controversy, the Plaintiffs' requests that the Court make and enter a binding judicial declaration that:

    a. Plaintiffs and all other affiliates of Cartagena named in the Lawsuit are entitled to coverage of their claim under the Subject Policy including, but not limited to, the costs of defending the Lawsuit, including reasonable legal fees and costs.

    b. No exclusions apply to bar coverage; and

    c. Plaintiffs have fully complied with all requirements under the Subject Policy.

45. The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

46. Plaintiffs are informed and believe, and upon that basis allege, that Homeland disputes all or part of the contentions set forth in the preceding paragraphs.

47. Plaintiffs seek the judicial declarations set forth above.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs demand judgment:

a. Awarding compensatory and consequential damages in favor of Plaintiffs against Homeland for all damages sustained as a result of Homeland's wrongdoing, in an amount to be determined at trial, including interest thereon;

b. Awarding punitive damages in favor of Plaintiffs against Homeland for all damages sustained as a result of Homeland's wrongdoing, in an amount to be proven at trial, including interest thereon;

c. Making the judicial declarations set forth above in favor of Plaintiffs and in favor of coverage for Plaintiffs' claim;

d. Awarding Plaintiffs their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

e. Awarding such other and further relief as this Court may deem just and proper.

DATED: July 8, 2019

                THE PLAINTIFFS
                JOSEPH A. CARTAGENA and
                SNEAKER ADDICT TOURING, LLC

                BY THEIR ATTORNEYS
                CUMMINGS & LOCKWOOD LLC

                _/s/ John F. Carberry_
                John F. Carberry (JC-6702)
                William N. Wright (WW-0424)
                Cummings & Lockwood LLC
                Six Landmark Square
                Stamford, CT 06901
                Tel: (203) 351-4280
                Fax: (203) 708-3933
                Email: jcarberry@cl-law.com
                          wwright@cl-law.com

5314976_1.docx 7/5/2019