UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────x

JOSEPH A. CARTAGENA AND SNEAKER
ADDICT TOURING, LLC,

                              Plaintiffs,

  -against-                                       No. 19 Civ. 6287 (CM)

HOMELAND INSURANCE COMPANY
OF NEW YORK,

                              Defendant.
──────────────────────────────────────x

ORDER CONVERTING MOTION TO DISMISS TO
MOTION FOR SUMMARY JUDGMENT and SETTING TIME TO RESPOND

McMahon, C.J.:

      Defendant Homeland Insurance Company has moved for dismissal of the complaint in this insurance coverage dispute case.

      For reasons that are inexplicable to the court, Plaintiffs have not cross-moved for summary judgment; they have contented themselves with opposing the motion.

      The case involves a straightforward matter of contract construction, which is a matter for the court; and as the only issue is whether the subject matter of a particular underlying action falls within the terms of an unambiguous contract of insurance, the case is easily resolved on a motion for summary judgment. The only piece of evidence outside of the complaint and the contract of insurance that appears necessary to resolve the dispute is the complaint in the underlying action, *Elliott v. Cartagena et al.,* 19 civ. 1998 (NRB) (the "Elliott Complaint").

      Rather than deny the motion to dismiss and put the Plaintiffs to the trouble and expense of making another motion, I choose to consider the matter outside of the pleadings (that is, the Elliott Complaint), and to convert Defendant's motion to dismiss into a motion for summary judgment. Per Fed. R. Civ. P. 12(d), I am required to give the parties notice that I intend to treat this motion as a motion for summary judgment and to give them a reasonable opportunity to present any material that they deem pertinent to such a motion. Again, I emphasize that this is a simple matter of contract construction; it does not require the court to delve into the details of the underlying dispute (which is pending before Judge Buchwald) -- or to read anything beyond the complaint in that case. However, should the parties believe there is some disputed issue of material fact (and I emphasize material to this coverage dispute, not to the underlying case), they have two weeks to call it to my attention.

Any further papers must be filed with the court no later than Friday, December 6, 2019. I am expecting simultaneous filings. I do not expect any further papers to be filed after December 6.

Dated: November 22, 2019

*[signature]*

Chief Judge

BY ECF TO ALL COUNSEL