IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH A. CARTAGENA and SNEAKER ADDICT TOURING, LLC,<br><br>                              Plaintiffs,<br>  v.<br>HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>                              Defendant. | CASE NO. 1:19-CV-06287-CM<br><br><br><br><br><br><br>DECEMBER 6, 2019 |

PLAINTIFFS' RESPONSE RE: COURT'S ORDER
CONVERTING MOTION TO DISMISS TO MOTION
FOR SUMMARY JUDGMENT AND SETTING TIME TO RESPOND

Plaintiffs Joseph A. Cartagena and Sneaker Addict Touring, LLC (collectively "Plaintiffs"), through their undersigned attorneys, respectfully submit their response to the Court's Order Converting Motion to Dismiss to Motion for Summary Judgment and Setting Time to Respond (CM/ECF #20) (the "Order").

1.      In light of the Court's Order converting Defendant's Motion to Dismiss to a Motion for Summary Judgment ("Motion for Summary Judgment") and on the record before the Court, Plaintiffs respectfully request that the Court deny Defendant's Motion for Summary Judgment and enter partial summary judgment in favor of Plaintiffs.  See Bridgeway Corp. v. Citibank, 201 F. 3d 134 (2nd Cir. 2000).[1]

2.      As set forth in Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (CM/ECF #10) ("Plaintiffs' Mem."), Plaintiffs purchased a "Music Professional Liability Policy (the "Policy") from Homeland Insurance Company of New York ("Defendant").

---

[1] Plaintiffs acknowledge that Defendant intends to assert defenses additional to those asserted to date, such that entry of partial summary judgment in favor of Plaintiffs will not conclude this litigation.

3.      The Policy insured against claims of infringement of "copyright infringement, plagiarism, Piracy and misappropriation of ideas under implied contract or other misappropriation of ideas or information."

4.      In the lawsuit captioned <u>Eric A. Elliott (p/k/a) "Fly Havana" ("Elliott") v. Joseph Anthony Cartagena (p/k/a "Fat Joe")</u>, et al., Case No. 1:19-cv-01988 (NRB) (the "Lawsuit"), Elliott alleges that Plaintiffs, among others, "used and took credit for [Elliott's]…contributions to the 2016 double platinum single "All the Way Up" without providing [Elliott] his required credit, compensation and ownership." Lawsuit at ¶1. In itself, this statement of Elliott's claims against Plaintiffs clearly falls within the coverage of the Policy.

5.      In the Defendant's Motion for Summary Judgment, Defendant, in addition to its specious arguments that the claims asserted in the Lawsuit do not fall within the coverage provided by the Policy, claim that coverage is barred by an exclusion for claims asserted by a joint venturer or independent contractor.

6.      Plaintiffs have addressed this claim at pp. 6-7 of Plaintiffs' Mem. The allegations in the Lawsuit do not remotely fit the definition of an "independent contractor" or "joint venture" relationship between Plaintiffs and Elliott. Moreover, the Lawsuit <u>not once</u> uses the terms independent contractor or joint venturer to describe Elliott. On its face the Lawsuit does not contain anything that would allow Defendant to disclaim coverage under this exclusion.

7.      In its Reply in Support of the Motion for Summary Judgment, Defendant cites Florida law that insurance coverage disputes are to be determined solely on the allegations of, in this case, the Lawsuit and the Policy. As noted above, coverage is clearly implicated under such analysis.

8. Defendant fails, however, to bring to the Court's attention the principles that "Any doubts regarding the duty to defend are resolved in favor of the insured…. Any doubts regarding the application of an exclusion are resolved in favor of the insured." J.B.D. Construction, Inc. v. Mid-Continent Casualty Co., 571 F. Appx. 918, 926 (11th Cir. 2014).

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant's Motion for Summary Judgment and enter partial summary judgment in favor of Plaintiffs on the issue of whether the claims asserted by Elliott in the lawsuit are within the coverage provided by the Policy.

>THE PLAINTIFFS
>JOSEPH A. CARTAGENA and
>SNEAKER ADDICT TOURING, LLC
>
>BY THEIR ATTORNEYS
>CUMMINGS & LOCKWOOD LLC
>
>/s/ John F. Carberry
>   John F. Carberry
>   William N. Wright
>   Cummings & Lockwood LLC
>   Six Landmark Square
>   Stamford, CT 06901
>   Tel: (203) 351-4280
>   Fax: (203) 708-3933
>   Email: jcarberry@cl-law.com
>         wwright@cl-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

<u>John F. Carberry</u>
John F. Carberry

5643395_1.docx 12/6/2019