IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH A. CARTAGENA and SNEAKER
ADDICT TOURING, LLC,

No. 1:19-cv-06287-CM

Plaintiffs,

STIPULATION AND ~~PROPOSED~~
PROTECTIVE ORDER

v.

HOMELAND INSURANCE COMPANY
OF NEW YORK,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:

Defendant.

2/26/2020

---

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Such designation shall be made at the time such documents are produced or information is disclosed, or as soon thereafter as the party making such designation becomes aware of the confidential nature of the information or material disclosed and sought to be protected.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action and shall not be disclosed or used for any business, commercial, competitive or any other purpose.

3. Nothing contained herein shall restrict the right of any Party to challenge a "Confidential" or "Attorneys' or Experts' Eyes Only" designation or lack of designation.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. counsel for the requesting party and their support personnel;

    b. the requesting party and its employees who would have access to or use the information in the normal course of their employment or whose review or use of the information is necessary for the purpose of this action;

    c. consultants, vendors, experts, or mediators engaged by the parties assisting in the prosecution, defense or resolution of this matter, to the extent deemed necessary by counsel;

    d. the Court (including any person having access to any Confidential Information by virtue of his or her position with the Court);

e.  reinsurers, auditors, or other entities to which the parties may be required to respond or report in the ordinary course of business regarding the subject matter of this action, but only so long as such persons or entities are already subject to a substantially similar confidentiality obligation; and

f.  regulators to which the parties may be required to respond or report in the ordinary course of business regarding the subject matter of this action.

g.  Any other person whose testimony is being taken or scheduled to be taken in this action, (including such person's counsel, if he or she is represented) except that such person may only be shown documents designated as "Confidential" during his or her testimony, and only to the extent necessary for such testimony unless otherwise ordered by the Court.

h.  Stenographers and Court Reporters, provided they have signed a form, substantially in the form of Exhibit A attached hereto;

i.  Such other persons as the parties may agree in writing or the Court may order.

7.  Before disclosing or displaying the Confidential Information to any person pursuant to Paragraph 5(c), (g), (h), and (i) above, counsel must:

a.  inform the person of the confidential nature of the information or documents;

b.  inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has

enjoined the disclosure of the information or documents to any other person; and

c. require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. If a party inadvertently discloses Confidential Information, the party shall immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13. This Stipulation and Order does not apply to information to which a party can demonstrate it had lawful access or entitlement outside of having been received in discovery in this action (but such information may be subject to other confidentiality obligations under other agreements or applicable law).

14. This Protective Order shall survive the final termination of this action, and the parties agree that after final termination of this Action, each party shall continue to hold any Confidential Information in confidence pursuant to the terms of this Order.

16. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

17. This Protective Order incorporates the Addendum set forth on the next page and the parties agree that the Addendum is acceptable.

SO STIPULATED AND AGREED.

Dated: New York, New York
February 20, 2019

_____
John F. Carberry
Cummings & Lockwood LLP
Six Landmark Square
Stamford, CT 06901
(203) 351-4280
jcarberry@cl-law.com

*Counsel for Plaintiffs and
Counter-Defendants Joseph A. Cartagena
and Sneaker Addict Touring, LLC*

_____
Christopher D. Skoczen
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, NY 10006
202-867-4100
mfurman@fkblaw.com
cskoczen@fkblaw.com

Thomas J. Judge
Jeffrey J. Ward
Dykema Gossett, PLC.
1301 K Street, NW, Suite 1100 West
Washington, DC 20005
tjudge@dykema.com
jward@dykema.com

*Counsel for Defendant and Counterclaimant
Homeland Insurance Company of New York*

SO ORDERED.
_____
Colleen McMahon
Chief United States District Judge

2/26/2020

6

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

## **EXHIBIT A**

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

5713972_1.docx 1/31/2020